Case 71.—ACTION BY JOHN L. McDOWELL AND OTHERS AGAINST WILLINA G. HERNDON, ADM'X OF ELIZABETH B. GREEN, DECEASED, TO SURCHARGE A SETTLEMENT OF SAID ADMINISTRATRIX.—November 29.

## Herndon v. McDowell, &c.

Appeal from Scott Circuit Court.

R. L. Stout, Circuit Judge.

Judgment for plaintiffs.    Defendant appeals.    Reversed.

1. Executors and Administrators—Allowance of Claims—Effect—Prima Facie Evidence of Correctness—Under Ky. Stats. 1903, secs. 1062-1067, authorizing the county judge to make settlements with personal representatives, prohibiting the allowance of disbursements without legal evidence to justify the same, and providing that settlements so made shall be prima facie evidence between the parties interested, the allowance by the county court of an item in an administratrix's account without evidence on file in support thereof is not prima facie correct as between the parties.

2. Where, in proceedings by an administratrix for an allowance against the estate of the decedent for the board of decedent for a specified time, the administratrix made affidavit as required by Ky. Stats. 1903, sec. 3870, and introduced the affidavit of a third person supporting the claim, the allowance of the claim by the county court was, under the express provisions of secs. 1062-1067, prima facie correct as between the parties interested; and a petition surcharging the settlement, which only alleged that the claim was unjust for the reason that the administratrix was not a tavern keeper or keeper of a house of private entertainment, was not sufficient to defeat the claim for failing to allege that decedent had made no contract to pay for her board.

MONTGOMERY & LEE for appellant.

## POINTS AND AUTHORITIES.

1. The settlement made in the county court was prima facie correct, and the burden of proof was on appellees to allege and prove any items which might have been improperly allowed. (Vance's Adm'r v. Vance's Distributees, 5 T. B. Mon., 521; Briscoe's Distributees v. Brady's Adm'r, 6 T. B. Mon., 134; Woolridge's Heirs v. Watkins, Ex'or, 3 Bibb, 349; Calvert v. Holland, 9 B. M., 458.)

2. Sec. 2178 of Ky. Stats., requiring contract for board, does not apply to clothing, nursing, attention or washing; nor does it apply to a board bill paid to some one else for the decedent. (Thomas v. Arthur, 7 Bush, 245.)

LLEWELLYN F. SINCLAIR for appellee.

1. At the time of the settlement of appellant with the Scott County Court she presented a claim against the estate for board of her mother, covering a period of years, amounting to the sum of $1,325.

2. It was charged that the $1,325 for board was not a just demand, and that appellant was not at the time of the rendition of the alleged services a keeper of a tavern or a house of private entertainment. There was no denial of the allegation that Mrs. Herndon was not a tavern keeper, etc.

3. As the staute imperatively required the party proposing to charge for such service to have a contract with the guest, the court certainly could not require appellees to prove the negative proposition. If there was a contract, the fact of its existence and the proof thereof was entirely in the possession of the appellant.

### AUTHORITIES CITED.

Sec. 606, Civil Code; Jones v. Jones, Jr., 19 Ky. Law Rep., 1516; sec. 4611, Revised Statutes of Mo., vol. 1; sec. 3870, Ky. Stats.; Turner's Adm'r v. Turner, &c., 18 Ky. Law Rep., 822; 17 A. & E. Ency., 336; Reynolds v. Reynolds, 92 Ky., 566; sec. 2178, Ky. Stats.; Hancock v. Hancock, 24 Ky. Law Rep., 664; Henderson v. Stringer, 2 Dana, 291; Newton's Ex'or v. Field, 17 Ky. Law Rep., 769.

OPINION BY JUDGE NUNN—Reversing.

This is an appeal from a judgment of the Scott Circuit Court, rendered at its February, 1905, term, surcharging a settlement made by appellant, as ad-

ministratrix with the will annexed of the estate of Elizabeth B. Green, with the Scott County Court on the 26th of July, 1902, the judgment setting aside and disallowing the sum of $1,325, being a claim which was allowed appellant by the judge of the Scott County Court on the date referred to.

The petition and amended petition of appellees, with reference to surcharging the settlement of the, claim stated, contained the following language: "He states that at the time the defendant, Willina G. Herndon, settled her accounts as administratrix of the estate of Elizabeth B. Green, deceased, with the judge of the Scott County Court, that she presented a claim against said estate, amounting to the sum of $1,325 for board of the deceased during her life time from November, 1893, to March 1, 1901, and that same was allowed her as a credit in said settlement. He says that said item above mentioned was not a just demand against said estate, and the same was improperly allowed, because the same was for board, and that the defendant was not, at the time the alleged services for board were rendered the deceased, Elizabeth Brent Green, a keeper of a tavern or house of private entertainment." With the petition appellees filed a copy of this settlement and the claim referred to, with the proof presented to the county court. The part of the claim in controversy is as follows:

"Mrs. E. B. Green, Deceased, to Mrs. W. G. Herndon                                                        Dr.
"To board paid by Mrs. Herndon for Mrs. Green from November, 1893, to March, 1897 .................................. $325 00
"Board and attention, washing, etc., from March, 1897, to March, 1901, four years, at $250.00 per year ................... 1,000 00
                                        $1,325 00"

It appears from the affidavits filed that Mrs. Herndon made affidavit in the usual and proper form, as required by section 3870, Ky. Stats., 1903; but she failed to introduce any proof whatever with regard to the first item of her claim of $325. She introduced the affidavit of only one witness, Mrs. Delia Butler, who did not make any statement with reference to that item of her claim; but she did prove the second item of the account, to wit, $1,000. She stated that in the year 1899, two years prior to the death of Mrs. Green, she heard her say that Mrs. Herndon had kept and cared for her for several years, and that she had agreed to pay her for such care and attention, and she intended to pay her by giving her all the property she owned at her death. She also stated that she knew Mrs. Green lived with her daughter, Mrs. Herndon, more than twenty years before her death. There was not any evidence introduced on the trial of the case except the deposition of Dr. Peck, who only stated that he was Mrs. Green's family physician, and he knew that she lived with Mrs. Herndon, and that Mrs. Herndon gave her much care and attention until her death. The appellant offered her own deposition, but the court refused to allow it to be read, for the reason that she was prohibited from testifying under sec. 606, Civ. Code Prac. The appellees did not offer any evidence. Upon this state of case the lower court surcharged the settlement with the county court and disallowed the claim referred to. This brings us to the legal effect of the settlement of a fiduciary with the county court.

The appellees have prosecuted this case apparently upon the idea that it was sufficient merely to allege that the credits allowed the fiduciary in the settle-

ment were improperly allowed because the claim was for board, and that the appellant was not a keeper of a tavern or a house of private entertainment. In this we are of the opinion that appellees are mistaken. Something more than this is required to surcharge such a settlement. If a settlement by a fiduciary with the county court had no more force and legal effect than this, such settlements would be worthless, and would afford no protection to the fiduciary or other parties in interest. Secs. 1062 to 1067, Ky. Stats., 1903, inclusive, govern the making and approval of settlements of fiduciaries with the judge of the county court. The last section referred to closes with this language: ''Settlements so made and recorded shall be prima facie evidence between the parties interested.'' This section, together with the first one named, provides the manner of preserving the evidence heard on the settlement by the county judge. With reference thereto, this language is used: ''Evidence may be heard for or against any item, and all oral evidence shall be reduced to writing by him, and no evidence shall be presumed to have been heard except as is reduced to writing and rereported.'' In the case at bar there appears no evidence on file with the county court's settlement proving or tending to prove the first item in appellant's account. Therefore, the settlement can not be presumed to be prima facie correct as to that item. In our opinion there must be, or have been evidence on file with the settlement upon which the county judge could reasonably have acted in allowing the claim.

But upon the other item of the account we have arrived at a different conclusion. By the affidavit of Mrs. Delia Butler she proved that item as required

by statute. With reference to this item the petition is insufficient. It was only alleged that the claim was unjust and ought not to have been allowed, for the reason that the appellant was not a tavern keeper or a keeper of a house of private entertainment. This was not sufficient. To have made the petition good, it should also have been alleged that Mrs. Elizabeth Green had not made a contract with appellant to pay for the board, care and attention. But Mrs. Butler did prove by her affidavit that Mrs. Green had agreed or contracted with the appellant to pay for this service, and upon this affidavit the county judge allowed the claim; and when the settlement was approved, as provided by the statute, so far as this item was concerned, by reason of the statute it was made a prima facie claim due the appellant, and it took something more than the allegation of a petition to deprive her of her interest therein.

In the case of Briscoe's Distributees v. Brady, Adm'r of Briscoe, 6 T. B. Mon., 134, the court said, after speaking of the approval and recording of the settlement and crediting the accounts therein: "Such accounts have been often held by this court binding on both creditors and distributees, so far as to be prima facie evidence, although they may not know of them when made." (Vance's Adm'r v. Vance's Distributees, 5 T. B. Mon., 521, and Calvert v. Holland, 9 B. Mon., 458.)

For these reasons the judgment of the lower court is reversed, and the cause remanded, with directions to the lower court to enter judgment in favor of appellant for $1,000 and for further proceedings consistent herewith.